GUSSIE MARSHALL ROGERS and husband, CHARLES W. ROGERS v. D. W. CHASE.

Eastern Section.    May 6, 1927.

No petition for Certiorari was filed.

1. **Negligence.   Owner of a store must keep in reasonably safe condition only that part of his store to which the public is invited.**

There is no obligation to the public on the part of a store owner to keep in a reasonably safe condition that part of his store which is not open to the public.

2. **Negligence.   Evidence.   Evidence held to show no negligence on the part of defendant.**

Where the plaintiff was a customer in defendant's store and went to a part of the store to which customer were not supposed to go, and there fell down a stairway, held that the defendant was not liable for the damages sustained.

3. **Appeal and error.   Law that bill of exceptions must be filed in thirty days is mandatory.**

The law requiring the bill of exceptions to be filed in thirty days is mandatory and the parties can not waive the same and date the filing back to come within the thirty days.

Appeal from Circuit Court, Bradley County; Hon. Sam C. Brown, Judge.

Affirmed.

D. Sullins Stuart and John C. Ramsey, of Cleveland, for plaintiff in error.

Haven R. Westerberg and W. L. Humphrey, of Cleveland, for defendant in error.

OWEN, J.   The plaintiff has appealed from a judgment rendered against her in the circuit court of Bradley county.

Three errors are assigned, but in reality they raise but one question, that is, there is no material evidence to sustain the judgment of the lower court.

The plaintiff instituted a suit for damages for a personal injury. She was in the storeroom operated by the defendant in the town of Cleveland on September 3, 1924.   She alleged and proved that the defendant carried a large stock of furniture consisting of

pianos, dressers, bureaus, wash stands, carpets, rugs, etc., the line of merchandise usually kept in a furniture store.

She alleged that near the rear of defendant's store he kept and maintained a dangerous open hatchway, or open stairway, about three feet wide leading from the store room down into the celler or basement some seven or eight feet; that this open stairway was located in the darkest part of said crowded store room, and about one-third of the way from the rear end of the same. Plaintiff testified that while she was looking at furniture that she fell into this open space and fell down the flight of six or eight steps landing on the basement floor, and she was severely and seriously injured, and she suffered very much from a weakened and strained right ankle, that by reason thereof she had fallen upon the street some time after receiving injuries in defendant's store, and she was badly bruised and suffered much pain from the fall she received upon the street.

A demurrer was sustained to this part of the declaration alleging that she had received injuries by falling upon the street.

The defendant filed a plea of not guilty to the other parts of plaintiff's declaration. The cause was submitted to the court and jury, and the jury, after receiving the court's charge returned a verdict in favor of the defendant.

The defendant made two defenses, and has material evidence to sustain either defense, the first is that the plaintiff was injured, if injured by her contributory negligence; that the open hatchway was in the rear of the store where no customer was supposed to go, and that the plaintiff fell in said open hatchway while the defendant was at court serving on the jury, and while the defendant's clerk was waiting upon other customers; that this open hatchway was in the rear of the store, and separated from where the furniture was kept. Plaintiff had to pass behind where bundles were wrapped to reach the open hatchway. The defendant relies upon the principal announced in Warehouse & Cold Storage Company v. Anderson, 141 Tenn., 294, wherein it is enunciated that an implied invitation from the proprietor of a store to a customer does not involve in its scope such parts of the establishment to which the public is not invited. It is only those parts of the premises where the person invited is expected to be that the owner is required to keep in a reasonably safe condition.

The second defense made is that the plaintiff was not hurt, that she only fell part of the way down the steps leading into the basement; that she was not hurt, that she was frightened, and she stated she came very near being seriously hurt, and that she hurt her ankle on the streets of Knoxville some weeks after the accident complained of occurred in defendant's store in Cleveland. The

plaintiff was driven to a relative's home shortly after the accident complained of. She called no witness to corroborate her complaints on the day of the alleged accident. She was examined by two doctors who made an examination of her ankle several weeks after the alleged accident.

We find material evidence to sustain the verdict of the jury and the judgment of the lower court.

There is another serious difficulty in plaintiff's way. Plaintiff was granted thirty days in which to prepare and file her bill of exceptions after a motion for a new trial was overruled, which was on the 13th day of May, 1926. She filed her pauper's oath in lieu of appeal bond June 8, 1926. The thirty days for filing the bill of exceptions would expire on June 12, 1926. The Circuit Judge signed the bill of exceptions evidently after the time had expired. Attorneys for both parties made the following agreement;—"It is agreed to date back and file within thirty days allowed. July 1, 1926, signed by counsel. The clerk did date the bill of exceptions back, and shows the same was filed June 2, 1926, but he had no right nor authority to date the filing back. The bill of exceptions must not only be signed by the judge, but filed with the clerk within the period of extension, and a bill of exceptions filed after the time of expiration allowed is too late. Bettis v. State, 19 Pickle, 339; Muse v. State, 22 Pickle, 181; Jones v. Moore, 22 Pickle, 188; Hinton v. Insurance Company, 2d Cates, 117; Railway & Light Co. v. Trawick, 10 Cates, 271.

It results that the assignments of error are overruled and disallowed. The judgment of the lower court is affirmed. Plaintiff will pay all the costs of the cause including the cost of the appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.